opportunity was afforded for its falling into improper hands.  Duplicate keys are often easily obtainable by criminals.  To hold that the particular key held by Mrs. Meyers was necessarily connected with the crime which produced plaintiff's loss would be to hold upon theory something there is no evidence to support, and without such holding defendant's act, even if a negligent one in a general sense, was not material.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.  All concur.

---

### DAMSKY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   December 11, 1906.)

1. TRIAL—INSTRUCTIONS—CORRECTION OF ERROR.

In an action for injuries to a van by being struck by a street car, an instruction that if it was necessary for plaintiff's driver to go on the railroad track because of a wagon obstructing the road, and that he was in the act of leaving the track while the car was a considerable distance away from him, and the car struck him in the rear, he was not guilty of contributory negligence and the burden was upon defendant to show that it was not its fault, is not corrected by a statement that it is for the jury to say whether it was necessary for the plaintiff to go on the track and if in so doing he was guilty of any contributory negligence, since the question whether plaintiff was negligent in going along the track or in failing to leave it sooner was still withdrawn from the jury, and the burden of proving defendant's freedom from negligence was wrongfully placed on defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 705, 718.]

2. SAME—CONSTRUING INSTRUCTIONS TOGETHER.

The instruction was erroneous, though the court charged in general terms that the burden of proving the negligence of defendant and absence of contributory negligence of the plaintiff was on the plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 705, 718.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Bernard Damsky against the New York City Railway Company.  From a judgment in favor of plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

William E. Weaver, for appellant.

B. Gordon, for respondent.

DAVIS, J.   Appeal by defendant from a judgment for $323.60 in favor of plaintiff for injuries to plaintiff's horse and van.  Plaintiff claimed that his one-horse van was struck by defendant's south-bound car as it was leaving the south-bound track on Third avenue between Thirty-first and Thirty-second streets.  Defendant claimed that the collision took place after the van had entered upon the track and while still proceeding along the track; that at the time it turned to enter it was about 25 or 35 feet ahead of the car; that the car was going then at

about eight miles an hour. The appellant relies solely upon its exceptions taken upon the trial.

The appellant excepted to the following instruction by the court to the jury:

"If you believe that this plaintiff and the plaintiff's driver was going along the street, and that it was necessary for him to go on the railroad track because of a wagon obstructing the track, and that he was going along as he has testified, about two and a half houses, and was then in the act of leaving the track while the car was a considerable distance away from him, as he has testified, and that the car struck him in the rear, he was certainly not guilty of any negligence which has contributed to the accident; and the burden, then, is upon the defendant to show that it was not their fault, because, if the car was a sufficient distance away, the plaintiff had a right to assume that the defendant would so conduct itself and manage the car as to prevent, if possible, the occurrence of an accident."

The effect of this instruction was to take away from the jury the question of plaintiff's negligence, and to cast upon the defendant the burden of proving its lack of negligence. After the defendant had taken exception to this part of the charge, the court sought to modify the instruction in the following language:

"It is for you to say whether it was necessary for this plaintiff to go upon the car track while attending to his business, and if, in so doing, whether he was guilty of any negligence which in any way contributed to the accident."

While this instruction left it to the jury to determine the question of plaintiff's negligence in going upon the track, it still failed to leave for their consideration the important question of whether the plaintiff was negligent while going along the track or in failing to leave it sooner. It also failed to correct the error of requiring the defendant to prove its freedom from negligence, assuming the plaintiff to be free from contributory negligence. In general terms the court told the jury that the burden of proving the negligence of defendant and absence of contributory negligence on part of the plaintiff was upon the plaintiff, but the erroneous instruction referred to above could hardly fail to neutralize the effect of this general instruction. Other errors in the charge were assigned, but it is not necessary to consider them, as that already referred to requires a reversal of the judgment.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.